[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges in his complaint that he rendered services and furnished material in the process of construction of a one family dwelling on land owned by the defendant for which he has not been paid.
In this action he claims $5,841.00 as the reasonable value of his services and material furnished which the defendant has refused to pay despite demand by the plaintiff.
The defendant entered a general denial in its answer to the complaint.
The evidence adduced at the trial discloses that the defendant Corporation, through its president Dregan Milosevic, had entered into a written contract with a corporation named Coastal Homes, Inc. by the terms of which said corporation agreed with defendant to construct a dwelling on land owed by the defendant situated on Stirrup Lane in the Town of Barkhamsted for the sum of $82,000.00. Said contract did not provide for certain items of expenses which said building corporation would make separate provision for in the course of construction. Excavation and foundation work, including curtain drains were not included in the $82,000.00 contract price.
The dwelling was fully constructed and the defendant paid to said Coastal Homes, Inc. the sum of $82,000.00 plus an additional amount of $6,779.53.
The defendant, through its president, Dragan Milosevic, testified that the sum of $6,799.53 was paid to Coastal Homes, Inc. over and above the agreed contract price and represented payment in full of all of the construction work including blasting and other work done by the plaintiff on the site.
The plaintiff claims that Coastal Homes, Inc., through its officer Roy Bailey, had acted as the agent of the defendant and that the defendant was responsible for paying the plaintiff for the work and services which he performed.
The defendant denies that such agency existed. The burden of proof to establish agency is in the plaintiff. Botticello v. Stefanovicz, CT Page 13177 Conn. 22, 26 (1979). In the opinion of the court, the plaintiff failed to establish such an agency relationship.
The plaintiff further claimed that the defendant should be estopped from denying the existence of an agency relationship between the defendant and Coastal Homes, Inc. due to certain acts and representations made by Roy Bailey which cloaked Bailey with apparent authority to act for and to obligate the defendant.
Apparent authority is determined by the acts of the principal, not the agent. Beckenstein, v. Potter v. Carrier, Inc., 191 Conn. 120,140 (1983).
The evidence establishes that at no time before or during the course of construction did the plaintiff ever communicate directly with the defendant either verbally or in writing nor did the defendant exercise any control or supervision over the construction site. Instead, he dealt entirely with Coastal Homes, Inc. in the person of its president, Roy Bailey. The plaintiff never communicated directly with the defendant until after the defendant had paid Coastal Homes, Inc. the full contract price plus $6,779.53 for additional costs including services performed by the plaintiff.
The court finds that the defendant made payment in full to Coastal Homes, Inc. in good faith and without notice of any claim against it by the plaintiff.
Judgment may enter for the defendant.
DOHERTY, J.